MABLE STUDYVIN, Appellant, v. DR. R. A. WESTON, Appellee.

**PHYSICIANS AND SURGEONS:** Malpractice—Negligence—Insufficiency of Evidence.  Evidence reviewed, in action against physician for negligence in leaving gauze in vagina, and held insufficient to show any injury resulting therefrom.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

MARCH 14, 1919.

REHEARING DENIED JULY 2, 1919.

ACTION for damages for. surgical malpractice.  At the close of plaintiff's evidence, there was a directed verdict for the defendant.  The plaintiff appeals.—*Affirmed.*

*John McLennan, Herman F. Zeuch,* and *Theodore F. Mantz,* for appellant.

*Dunshee, Haines & Brody,* and *Dutcher, Davis & Hambrecht,* for appellee.

EVANS, J.—In February, 1916, the plaintiff was in a hospital at Des Moines, in care of the defendant, as a surgeon, for a period of five days.  He performed a surgical operation upon her, consisting in the lancing of a urethral abscess.  It was located upon the urethra and upon the vagina wall.  At the time of the operation, the defendant used a piece of cheesecloth, or surgeon's gauze, for the purpose of absorbing blood and pus from the incision.  This was placed as a packing within the vagina.  The particular piece used by the defendant was described by the plaintiff's husband, as a witness, as being 2 feet long and 2½ inches wide.  Ten weeks after the discharge of plaintiff from the hospital, she discovered a smaller piece of cloth or gauze within the vagina, and removed the same.  The ultimate

complaint of her pleading is that the defendant failed to advise her that he had inserted any cloth or gauze in the vagina, and that she was thereby prevented from discovering its presence, and that its long continuance therein resulted in injury to her. The plaintiff's experts testified that the use of gauze or cloth was proper, and that its long continuance without change was not necessarily injurious, though very offensive. The plaintiff was discharged within five days, and the care of her by, the defendant ceased at that time. Up to that point of time, the presence of the packing in the vagina was neither injurious to the plaintiff nor wrongful on the part of the defendant. If the plaintiff did not know of its presence, her husband did. At the expiration of five days, the plaintiff left the city, and accepted no further attention from the defendant. It might well be assumed that, during her further convalescence, she would seek the aid of a local physician. Not only did the husband know of the presence of the packing, but such presence would be readily discoverable by any physician. Its removal called for no surgical skill.

Assuming, however, for the sake of the argument, that the defendant should have warned the plaintiff, and should have instructed her as to the removal of the packing, and that he failed in his duty in such respect, yet the evidence wholly fails to show that the presence of the packing resulted in any injury to her. At the time of the operation, and for some time prior thereto, the plaintiff was suffering from a serious disease. One of the resulting effects of such disease was the abscess for which she obtained surgical relief. The surgical operation was not calculated to check the disease. The defendant did not treat her for such disease. The symptoms suffered by the plaintiff after the surgical operation were of the same kind as those suffered before the operation, though they grew more severe with the progress of the disease. Two expert witnesses testified

on behalf of the plaintiff that the presence of the packing for such inordinate length of time *could* produce septicemia, especially in view of its contact with a surgical wound. But they testified also that even this was improbable. It appeared affirmatively, and without dispute, that the surgical wound "healed all right," and that it was involved in no complication whatever. There was no evidence, expert or otherwise, that she had suffered from septicemia. Upon the entire record, we are satisfied that no cause of action is disclosed against the defendant. The trial court, therefore, properly directed a verdict, and its order is—*Affirmed*.

LADD, C. J., PRESTON and SALINGER, JJ., concur.